

ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 1 3 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DANIEL KAYE,
aka "Popopret,"
aka "Bestbuy,"
aka "TheRealDeal,"
aka "Logger,"
aka "David Cohen,"
aka "Marc Chapon,"
aka "UserL0ser,"
aka "Spdrman,
aka "Dlinch Kravitz,"
aka "Fora Ward,"
aka "Ibrahim Sahil"

Criminal Indictment

No. 1:21CR139

Under Seal

The Grand Jury charges that:

**Counts One, Two, Three, Four, and Five
Access Device Fraud
(Unauthorized Solicitation)**

1. Defendant DANIEL KAYE, aka "Popopret," aka "Bestbuy," aka "TheRealDeal," aka "Logger," aka "David Cohen," aka "Marc Chapon," aka "UserL0ser," aka "Spdrman," aka "Dlinch Kravitz," aka "Fora Ward," aka "Ibrahim Sahil," operated "The Real Deal," an internet marketplace for illicit items, including but not limited to, stolen account login credentials for

United States government computers, stolen social media account credentials, stolen bank account login credentials, stolen credit card information, stolen personally identifying information, illegal drugs, botnet rentals, and computer hacking tools.

2. The Real Deal operated on the "dark web," meaning that it was accessible only through The Onion Router ("Tor") network that anonymized the Internet Protocol addresses of its servers.

3. Unlike lawfully operated online marketplaces, the products and services for sale at The Real Deal were criminal in nature and organized into categories, including but not limited to the following: "Exploit Code," "Counterfeits," "Drugs," "Fraud & More," "Government Data," and "Weapons." Vendors who intended to sell products and services on The Real Deal would create accounts on the website and list their products. Buyers similarly could create accounts and purchase products and services listed for sale on the website. The Real Deal also had profile pages for vendors and offered a rating system where buyers could rank vendors on a numerical scale.

4. On or about August 25, 2016, in the Northern District of Georgia and elsewhere, the defendant, DANIEL KAYE, aided and abetted by others

unknown to the Grand Jury, without the authorization of the issuer of login credentials to access a computer of each government entity identified in Column A of the following table, knowingly and with intent to defraud, solicited users of The Real Deal for the purpose of offering and selling information regarding said access devices, said conduct affecting interstate and foreign commerce,

| Count | A |
|---|---|
| 1 | United States Postal Service ("USPS") |
| 2 | National Oceanic and Atmospheric Administration ("NOAA") |
| 3 | Centers for Disease Control ("CDC") |
| 4 | National Aeronautics and Space Administration ("NASA") |
| 5 | United States Navy |

in violation of Title 18, United States Code, Sections 1029(a)(6) and (c)(1)(A)(i) and Section 2.

## Count Six
### Access Device Fraud
### (Using and Trafficking in Unauthorized Access Device)

5. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth here.

6. On or about July 1, 2016, in the Northern District of Georgia and elsewhere, the defendant, DANIEL KAYE, aided and abetted by others

unknown to the Grand Jury, including but not limited to an individual using the alias "thedarkoverlord," knowingly and with intent to defraud, used and trafficked in unauthorized access devices—namely, stolen Social Security numbers—and by such conduct, obtained things of value worth $1,000 or more in a one-year period, said use and trafficking affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(i) and Section 2.

## Counts Seven and Eight
### Access Device Fraud
### (Possession of Unauthorized and Counterfeit Access Devices)

7. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

8. On or about February 22, 2017, in the Northern District of Georgia and elsewhere, the defendant, DANIEL KAYE, aided and abetted by others unknown to the Grand Jury, knowingly and with intent to defraud, possessed the counterfeit and unauthorized access devices identified in Column A of the following table, said possession affecting interstate and foreign commerce,

| Count | A |
|---|---|
| 7 | 15 or more sets of usernames and passwords for Twitter.com. |
| 8 | 15 or more sets of usernames and passwords for LinkedIn.com. |

all in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(a)(i) and Section 2.

## Count Nine
## Money Laundering Conspiracy

9. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

10. From on or about March 16, 2015, until on or about August 13, 2016, in the Northern District of Georgia and elsewhere, the defendant, DANIEL KAYE, did willfully and knowingly combine, conspire, confederate, and agree with others unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 as follows: knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is,

a. Access Device Fraud (Unauthorized Solicitation), in violation of Title 18, United States Code, Sections 1029(a)(6) and (c)(1)(A)(i);

b. Access Device Fraud (Using and Trafficking in Unauthorized Access Device), in violation of Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(i); and

c. Access Device Fraud (Possession of Unauthorized and Counterfeit Access Devices), in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(A)(i);

knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Manner and Means**

11. The manner and means used to accomplish the objectives of the conspiracy included the following:

6

a. Transactions on The Real Deal could be conducted in Bitcoin, a virtual currency. Virtual currency is generally defined as an electronic-sourced unit of value that can be used as a substitute for fiat currency (*i.e.*, currency created and regulated by a government). Unlike fiat currency, virtual currency is not issued by any government, bank, or company and is instead generated and controlled through computer software operating on a decentralized peer-to-peer computer network.

b. An individual can send and receive Bitcoin through peer-to-peer digital transactions or by using a third-party broker. Bitcoin transactions are recorded on a public ledger, known as the "blockchain," that is maintained by peer-to-peer verification, and is thus not maintained by a single administrator or entity. Analysis of the Bitcoin blockchain can be conducted to help determine the senders and receivers of Bitcoin in transactions and trace transaction proceeds.

c. Although Bitcoin transactions are traceable on the blockchain, individuals can move Bitcoin through services known as "tumblers" or "mixers." Those "tumbling" or "mixing" services,

for a fee, commingle and exchange a user's virtual currency with other users' virtual currency. These tumbling and mixing processes make it more difficult for blockchain analysis to trace Bitcoin transactions.

d. Bitmixer.io was a website that offered Bitcoin mixing services and, through its "mixing" algorithm, sought to keep its users anonymous, private, and immune to blockchain analysis.

e. The defendant, DANIEL KAYE, in an effort to conceal the nature, location, source, ownership, and control of the proceeds he obtained from The Real Deal, used Bitmixer.io to commingle and exchange Bitcoin that he obtained from The Real Deal for other Bitcoin that could not be traced through the blockchain back to The Real Deal;

all in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture

12. Upon conviction of one or more of the offenses charged in Counts One through Eight of this Indictment, the defendant, DANIEL KAYE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from,

proceeds the defendant obtained directly or indirectly, as the result of such violation(s), and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense(s). The property to be forfeited includes, but is not limited to, the following: MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Eight of this Indictment.

13. Upon conviction of the offense charged in Count Nine of this Indictment, the defendant, DANIEL KAYE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Count Nine of this Indictment.

14. If, as a result of any act or omission of the defendant DANIEL KAYE, any property subject to forfeiture: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has

been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty; the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____True_____ BILL

_____
FOREPERSON

KURT R. ERSKINE
  *Acting United States Attorney*

*Ryan M. Christian*

RYAN M. CHRISTIAN
  *Assistant United States Attorney*
Georgia Bar No. 227657
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303