**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
      **PLEA AND**
            **SENTENCE**



Time in Court: _____ Hrs __41__ Min

Filed in Open Court:   Date: __10/25/2022__  Time: __3:25 pm__  Tape: __FTR__

Magistrate (presiding): __LINDA T. WALKER__      Deputy Clerk:   **Traci Clements Campbell**

Case Number:  __1:21-CR-139__        Defendant's Name:  Daniel Kaye

AUSA:    __Samir Kaushal__        Defendant's Attorney:  Rebecca Shepard

USPO/PTR:  __USPO K. White__      Type Counsel: ( ) Retained  ( ) CJA  (X) FPD  ( ) Waived

_____  ARREST DATE: _____

_____  INTERPRETER: _____

__X__  INITIAL APPEARANCE HEARING.  (X) In THIS DISTRICT     Dft in custody? (X) Yes   ( ) No

__X__  Defendant advised of right to counsel.  ( ) WAIVER OF COUNSEL filed.

__X__  ORDER appointing Federal Defender Program as counsel.  ( ) INITIAL APPEARANCE ONLY.

_____  ORDER appointing _____ as counsel.

_____  ORDER giving defendant _____ days to employ counsel (cc: served by Mag CRD)

_____  Dft to pay attorney fees as follows: _____

_____  INFORMATION/COMPLAINT filed.        _____  WAIVER OF INDICTMENT filed.

__X__  Copy **indictment**/information given to dft? (X) Yes  ( ) No   Read to dft? ( ) Yes  ( ) No  (X) Prior to Hrg

_____  CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed.

__X__  ARRAIGNMENT HELD.( ) Superseding indictment / information    ( ) Dft's WAIVER of appearance filed.

_____  Arraignment continued to _____ at _____  Request of ( ) Govt   ( ) Dft

_____  Dft failed to appear for arraignment.      Bench warrant issued _____

__X__  Dft enters PLEA OF NOT GUILTY.  ( ) Dft stood mute; plea of NOT GUILTY entered.  ( ) Waiver of appearance.

_____  MOTION TO CHANGE PLEA, and order allowing same.

__X__  ASSIGNED TO JUDGE __J.P. Boulee__   for (X) trial  ( ) arraignment/sentence.  **Dft intends to enter a guilty plea.**

_____  ASSIGNED TO MAGISTRATE _____ for pretrial proceedings.

__X__  Estimated trial time: _____ days.      (X) SHORT  ( ) MEDIUM  ( ) LONG

_____  PRE-SENTENCE INVESTIGATION filed.  Referred to USPO for PSI and continued

_____  until _____ at _____ for sentencing.

ARRAIGNMENT - Pg. 2                          Case No.: 1:21-cr-139
                                             Defendant: Daniel Kaye


__X__   Government MOTION FOR DETENTION filed.  Hearing set for   10/31/2022   at   10:00 AM

__X__   Temporary commitment issued.


**BOND/PRETRIAL DETENTION HEARING**

_____   BOND / PRETRIAL DETENTION hearing held.

_____   Government MOTION FOR DETENTION ( ) GRANTED   ( ) DENIED   ( ) WITHDRAWN

_____   WRITTEN ORDER TO FOLLOW.

_____   HEARING HELD on motion for reduction / modification of bond.

_____   Motion for reduction / modification of Bond   ( ) GRANTED   ( ) DENIED.

_____   WRITTEN ORDER TO FOLLOW.

_____   BOND SET at   _____

_____   Non-surety

_____   Surety  ( ) Cash   ( ) Property   ( ) Corporate surety ONLY

_____   SPECIAL CONDITIONS:   _____

         _____

         _____

         _____

_____   Bond filed; defendant released.

_____   Bond NOT EXECUTED.   Defendant to remain in Marshal's custody.


**WITNESSES:**   _____

                 _____

                 _____

                 _____

ARRAIGNMENT - Pg. 2                          Case No.:  1:21-cr-139
                                             Defendant:  Daniel Kaye

**MISC:**        **<u>MAGISTRATE JUDGE'S ORDER</u>**

<u>X</u>        Pursuant to the Due Process Protections Act, the Court confirms the United States'
          obligation to disclose to the defendant all exculpatory evidence- that is, evidence that
          favors the defendant or casts doubt on the United States' case, as required by *Brady*
          v. *Maryland,* <u>373 U.S. 83</u> (1963) and its progeny, and ORDERS the United States to
          do so. The government has a duty to disclose any evidence that goes to negating the
          defendant's guilt, the credibility of a witness, or that would reduce a potential
          sentence. The defendant is entitled to this information without a request. Failure to
          disclose exculpatory evidence in a timely manner may result in consequences,
          including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal
          of charges, contempt proceedings, disciplinary action, or sanctions by
          the Court.